IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:12-CR-79-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| HARRY DEAN CANADY, | ) | |
| | ) | |
| Defendant. | ) | |

    This case came before the court yesterday, 25 June 2012, for the hearing on the government's motion (D.E. 16), pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, the government presented the testimony of an agent with the Office of Inspector General of the United States Department of Agriculture. The court also accepted into evidence the five exhibits that accompanied the motion (D.E. 16-1 through 16-5) and the additional exhibit the government introduced at the hearing. Defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report.

    After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a 26-count indictment (D.E. 4) on 13 June 2012 with crop insurance fraud and related offenses. It is alleged that defendant made claims and received insurance payments for underproduction of crops when, in fact, there was no underproduction and he actually sold the allegedly nonexistent crops. There are also three counts for retaliation against a federal official (cts. 23, 25, 26), which concern defendant's alleged threats to assault and murder agents with the Department of Agriculture investigating his alleged fraud. Government's Exhibits 1 to 3 are transcripts of telephone conversations on 23 January 2012 and 21 February 2012 between defendant and a confidential source in which defendant made some of these alleged threats. (*See* Indict. cts. 23 and 25). The government's witness also testified to threats defendant made to an agent during a visit to defendant's property on 25 June 2008. (*See id.* ct. 26).

Although defendant was convicted of involuntary manslaughter in the killing of his brother in 1997 (defendant drove over him in the midst of a fight between the two), a search of his residence in 2010 located three handguns and three long rifles on the premises. When he met the officers outside his residence as they arrived to execute the search, he had a pistol nearby on a fence. At the time of his arrest on the indictment, on 21 June 2012, agents located a .22 caliber handgun under his bed.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above and the summary of the evidence of crop insurance fraud presented by the government's witness; the violent nature of the retaliation offenses charged; the

circumstances of the offense**s** charged, including the explicit and vehement nature of defendant's threats against the investigating agents, his continued involvement with firearms despite his status as a prohibited person, the extended prison term he likely faces if convicted (potentially keeping him in prison until his death since he is presently 63), and the inability of the government to account for about $15,000 in monthly cash rental payments defendant receives and the inconsistencies in his reported assets, which according to some reports he has completed exceed $2 million (suggesting the possible existence of a source of funding to facilitate flight); defendant's prior conviction for the homicide of his brother; the very real danger that defendant will kill agents investigating his case and those cooperating with the government if given the opportunity; defendant's history of alcohol abuse; the unsuitability of the proposed third-party custodial arrangement due to extreme risk of danger defendant presents, the danger posed to the proposed custodian were she ever to report defendant, the significant risk of flight defendant presents, and the likely inability of the proposed custodian to exert meaningful influence over defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as militating against detention, such as defendant's longtime residence in the community and his successful operation of his farm. It finds, however, that the factors favoring detention outweigh such evidence. It is, of course, defendant's threats against the agents and the associated risks of danger that he presents, as opposed to the alleged fraud itself, that underlie the court's determination that he presents a risk of danger that cannot adequately be addressed through release conditions.

The court's finding on flight in based on, among other key considerations, the effective life sentence defendant could conceivably receive if convicted; his apparent volatility and abuse of alcohol, both undermining the exercise of good judgment; and the possibility that he possesses

secreted funds that could be used to facilitate flight. The fact that defendant has known about the government's investigation since 2010 (he was sent a target letter then (*see* D.E. 1 at pp. 2-3)) does not negate the risk of flight. Unlike before, he is now experiencing the reality of very serious charges against him that carry the potential for life-changing consequences.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 26th day of June 2012.

_____
James E. Gates
United States Magistrate Judge